COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-042-CV
 
 
ARLINGTON 
MOTOR CARS, USA                                            APPELLANT
 
V.
 
F. 
GAYLAN YOUNG INSURANCE                                                APPELLEE
AGENCY, 
INC. D/B/A
RODNEY 
D. YOUNG INSURANCE
 
------------
 
FROM 
COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION 
 


 
------------
        Appellant, 
Arlington Motor Cars, USA, appeals a Rule 13 sanction order ordering it and its 
counsel jointly and severally to pay Appellee, F. Gaylan Young Insurance Agency, 
Inc. d/b/a Rodney D. Young Insurance, $7,500 in attorney’s fees. 
 

 In four issues, Appellant complains that the trial 
 court abused its discretion in awarding sanctions. We reverse the trial 
 court’s judgment.
I. Factual 
Background
        Appellant 
originally filed this cause of action pro se in the justice of the peace court. 
Appellee filed a general denial. A trial was held, and the court rendered 
judgment for Appellee. Appellant then retained counsel to obtain a reduction in 
the appeal bond and to represent it in its appeal of the judgment in the county 
court at law.
        After 
the case was on appeal in the county court at law, Appellee filed an amended 
answer containing a general denial, special exceptions, and a counterclaim for 
attorney’s fees as a Rule 13 sanction. Appellee then filed a motion for 
summary judgment on the ground that Appellant had sued the wrong party. 
Appellant filed a response to the motion for summary judgment.
        At 
the first hearing in the county court at law, the hearing on the special 
exceptions, there was some discussion about the possibility of Appellant 
nonsuiting the case. Next, a hearing was held on Appellee’s motion for summary 
judgment, which was granted. Over a month later, the hearing on the Rule 13 
sanctions was held, and the court took the issue under advisement to allow 
Appellant time to consider nonsuiting the case. On April 26, 2002, the court 
held an evidentiary hearing on the motion for sanctions and awarded Appellee 
$7,500 in attorney’s fees as a Rule 13 sanction because Appellant had not 
nonsuited Appellee.
        The 
court made no specific findings in its final judgment; therefore, Appellant 
filed a motion for findings of fact and conclusions of law, rehearing, and new 
trial, which were denied. Appellant then filed this appeal.
II. Legal 
Analysis
        In 
its four issues, Appellant generally claims that the trial court abused its 
discretion by awarding Rule 13 sanctions. Specifically, in issues one and four, 
Appellant claims that the trial court erred in awarding Rule 13 sanctions 
because there was no evidence in the record to prove the suit was groundless and 
brought in bad faith or groundless and brought for the purposes of harassment 
nor did the order granting sanctions contain specific findings of fact 
supporting it. We agree.
A. Standard of 
Review
        To 
determine whether a trial court abused its discretion, we must decide whether 
the trial court acted without reference to any guiding rules or principles; in 
other words, whether the act was arbitrary or unreasonable. 


 Merely because a trial court may decide a matter within 
 its discretion in a different manner than an appellate court would in a similar 
 circumstance does not demonstrate that an abuse of discretion has occurred. 
 


        An 
abuse of discretion does not occur where the trial court bases its decision on 
conflicting evidence. 

 Furthermore, an abuse of discretion does not occur as 
 long as some evidence of substantive and probative character exists to support 
 the trial court’s decision. 


B. Rule 13 
Sanctions
        Rule 
13 states in part:
The 
signatures of attorneys or parties constitute a certificate by them that they 
have read the pleading, motion, or other paper; that to the best of their 
knowledge, information, and belief formed after reasonable inquiry the 
instrument is not groundless and brought in bad faith or groundless and brought 
for the purpose of harassment.
. 
. . .
Courts 
shall presume that pleadings, motions, and other papers are filed in good faith. 
No sanctions under this rule may be imposed except for good cause, the 
particulars of which must be stated in the sanction order. 


 
        “Well 
settled principles guide the interpretation of Rule 13. Texas courts apply the 
same rules of construction to rules of procedure as to statutes.” 
 

 If a rule of procedure is clear, unambiguous, and 
 specific, we construe its language according to its literal meaning. 
 

 Therefore, to determine whether Rule 13 sanctions are 
 proper, the trial court must examine the facts and circumstances in existence 
 at the time the pleading was filed. 

 “Bad faith does not exist when a party merely 
 exercises bad judgment or is negligent; rather ‘it is the conscious doing of 
 a wrong for dishonest, discriminatory, or malicious purposes.’” 
 

 Courts must presume that pleadings are filed in good 
 faith, and thus, the party moving for sanctions bears the burden of overcoming 
 this presumption. 

 Consequently, Rule 13 regulates the signing of 
 groundless pleadings filed in bad faith or for purposes of harassment, “not 
 the pursuit of an action later determined to be groundless after 
 pleadings were filed. . . . As a result, the circumstances pivotal to the 
 determination of whether sanctions should issue are those in existence at the 
 time the pleading in question was signed and filed.” 


        In 
this case, Appellant originally brought suit pro se in justice court. Appellant, 
restricted by the appellate timetable, retained counsel to file its appeal to 
county court at law only days before the appeal was filed. Appellee repeatedly 
refers this court to a motion for summary judgment filed in the justice court, 
implying that Appellant’s counsel was on notice before the county court at law 
appeal that Appellee was allegedly not a proper party in this suit. However, no 
motion for summary judgment exists in the record. Appellee further explained to 
this court in oral argument that it had not actually filed the motion for 
summary judgment, but that it had orally argued a motion for directed verdict. 
Because the justice court is not a court of record, 

 this “motion” was not available to put 
 Appellant’s counsel on notice, and we will not consider anything outside the 
 record in reviewing the validity of the sanction order. 

 The only motion for summary judgment in this case that 
 would put Appellant and Appellant’s counsel on notice that Appellee was 
 allegedly not a proper party to this suit is the unsigned and undated motion 
 filed by Appellee after the case had already been sent to the county court at 
 law on appeal.
        Therefore, 
Appellant was not sanctioned for signing and filing a frivolous suit, but for 
continuing its suit once Appellee provided it with evidence that allegedly 
proved Appellee was not a proper party to this suit. “Yet, Rule 13, by its 
very words, only encompasses the initiation of a frivolous action for improper 
motive not the continuation of a suit after it is shown to be baseless.” 
 


        Additionally, 
Rule 13 requires particular findings to be stated in the sanction order. 
 

 “One purpose of the Rule 13 particularity requirement 
 is to justify the imposition of the sanctions and to give some evidence the 
 sanctions were carefully weighed and imposed ‘in an appropriate manner when 
 justified by the circumstances.’” 

 Courts have held that finding a pleading was filed 
 “for the purposes of harassment, causing unnecessary delay, needless increase 
 in the cost of litigating Plaintiff’s case, and for the purpose of denying 
 Plaintiff access to relevant documents,” 

 or that “Plaintiff/Counter-Defendant’s attorney 
 failed to conduct a reasonable investigation of the law and facts before 
 initiating this lawsuit” 

 is not sufficient to meet the particular findings 
 requirement of Rule 13. 


        The 
order here did not recite the particular reasons supporting good cause to issue 
the sanction and did not include findings of fact and conclusions of law 
supporting good cause. 

 Although it was argued that the sanctions were valid 
 under the Texas Deceptive Trade Practices Act, 

 the order specifically granted sanctions under Rule 13 
 and not the DTPA. The order bears the heading “Order Granting Rule 13 
 Sanctions” and simply states: “This Court specifically finds that 
 Plaintiff’s claims . . . were groundless and brought in bad faith and that 
 had the Plaintiff conducted a reasonable investigation prior to filing suit 
 against the Defendant, Plaintiff would have learned that these claims were 
 groundless.” Consequently, by neglecting adequately to recite the particular 
 reasons supporting good cause to issue the sanction, the order does not meet 
 the particularity requirement.
        Based 
on our above discussion we hold that the trial court abused its discretion in 
levying Rule 13 sanctions and in failing to provide specific findings in the 
order. We sustain Appellant’s first and fourth issues. Because of our 
disposition of these issues, we do not reach Appellant’s other issues. 
 


III. Conclusion
        Having 
sustained Appellant’s first and fourth issues, we reverse the trial court’s 
judgment and render judgment that Rule 13 sanctions are denied.

 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.
DELIVERED: 
December 11, 2003